IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mario Donye Gullette, | ) | C/A No.: 0:26-746-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Cynthia Hamilton; Officer Mrs. | ) | RECOMMENDATION |
| Hamilton;[1] Fredrick Davis; | ) | |
| Heather Burdett; and Anthony | ) | |
| Breeden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Mario Donye Gullette ("Plaintiff"), proceeding pro se and in forma pauperis, filed this amended complaint against Cynthia Hamilton, Officer Mrs. Hamilton, Public Defender Fredrick Davis, Solicitor Heather Burdett, and Sheriff Anthony Breeden (collectively "Defendants") related to his criminal proceedings and detention. This case is construed as brought pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

---

[1] It appears that Cynthia Hamilton and Officer Mrs. Hamilton may be the same defendant. Out of an abundance of caution, the Clerk of Court construed them as separate defendants.

1

## I.     Factual and Procedural Background

Plaintiff alleges Solicitor Burdett does not allow preliminary hearings until days before trial. [ECF No. 10 at 5].  He also claims he is falsely imprisoned without an indictment. *Id.* He alleges his lawyer Davis is biased and refuses to fight on his behalf. *Id.* at 6.

Plaintiff also alleges Hamilton "disrespect[ed]" his religion because she locked down the entire dorm because of a few inmates praying.  *Id.*

## II.     Discussion

### A.     Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.     Analysis

1.     Prosecutorial Immunity

Plaintiff sues Solicitor Burdett for actions associated with his prosecution. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims relate to actions taken by Burdett in connection with the judicial proceedings, they are barred by prosecutorial immunity and are subject to summary dismissal.

2.     Public Defender

Plaintiff sues Davis as his public defender. A criminal defense attorney, whether retained or appointed, does not act under color of federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981). Accordingly, Plaintiff's § 1983 claims against Davis are subject to summary dismissal.

3.     Supervisory Liability

Plaintiff makes no allegations against Breeden. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and

4

fails to take corrective action as a result of deliberate indifference or tacit authorization). Accordingly, Breeden is subject to summary dismissal.

### 4.      Insufficient Allegations

Plaintiff's amended complaint does not contain sufficient factual allegations of constitutional wrongdoing. Although Plaintiff alleges Hamilton disrespected his religion by locking down the dorm because a few inmates were praying, he does not allege he was one of the inmates praying. Further, periodic lookdowns are common in jails and prisons, usually for security reasons unrelated to a single inmate. *See Norwood v. Jividen*, No. 2:20-CV-00350, 2023 WL 2624176, at *11 (S.D.W. Va. Feb. 28, 2023) (holding that three-day lockdown did not infringe on a protected liberty interest), *report and recommendation adopted by*, 2023 WL 2624169 (S.D.W. Va. Mar. 23, 2023). Although Plaintiff alleges he is being imprisoned illegally, he does not allege he was falsely arrested. The timing of an indictment or preliminary hearing is a matter to first be addressed in state court. For these reasons, Plaintiff's amended complaint is subject to summary dismissal

## III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this matter be summarily dismissed without leave for further amendment.

IT IS SO RECOMMENDED.

March 26, 2026                                        Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).